**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4739**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

STEVEN OLIVER, a/k/a K,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:23-cr-00003-HEH-1)

---

Submitted:  June 30, 2025                    Decided:  July 17, 2025

---

Before WILKINSON, AGEE, and QUATTLEBAUM, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Sicilia C. Englert, LAW OFFICE OF SICILIA C. ENGLERT, LLC, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Zachary H. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Oliver appeals the district court's judgment after entering a conditional guilty plea to distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of firearms and ammunition subsequent to a felony conviction, in violation of 18 U.S.C. § 922(g)(1), preserving his right to appeal the district court's denial of his motion to dismiss the indictment as to the fentanyl distribution count. On appeal, Oliver contends the district court erred in denying his motion to dismiss the indictment based on an alleged delay in presentment under Rules 5(a)(1)(A) and 48(b) of the Federal Rules of Criminal Procedure; and his guilty plea was not knowing and voluntary. We affirm.

Oliver first contends that the district court erred in denying his motion to dismiss the indictment due to a delay in presentment. "When reviewing the denial of a defendant's motion to dismiss an indictment, we review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Skinner*, 70 F.4th 219, 223 (4th Cir. 2023). "A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge." Fed. R. Crim. P. 5(a)(1)(A). "The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Fed. R. Crim. P. 48(b). Delays of up to six hours in bringing the defendant before a magistrate judge after arrest are presumptively reasonable. *United States v. Clenney*, 631 F.3d 658, 668 (4th Cir. 2011) (citing 18 U.S.C. § 3501(c); *Corley v. United States*, 556 U.S. 303, 322 (2009)). If the defendant confessed after the arrest and before judicial presentment, and presentment was beyond six hours, the court must decide

2

whether delaying that long was unnecessary or unreasonable; and if it was, the confession must be suppressed. *Corley*, 556 U.S. at 322.

But, "[a]n individual arrested following the return of a proper indictment has no 'prompt presentment' right," *United States v. Abu Ali*, 528 F.3d 210, 227 n.4 (4th Cir. 2008), because "an indictment . . . conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry," *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975). Moreover, the history of the prompt-presentment requirement codified in Rule 5(a) confirms "the remedy for such a violation is the exclusion of evidence, not dismissal of a criminal case." *United States v. Peeples*, 962 F.3d 677, 686 (2d Cir. 2020). This Court has held that a district court may not "exercise its discretion to dismiss an indictment *with prejudice*, either under Rule 48(b) or under its supervisory power, unless the violation caused prejudice to the defendant or posed a substantial threat thereof." *United States v. Goodson*, 204 F.3d 508, 514 (4th Cir. 2000).

In this case, we conclude that the district court did not err in denying Oliver's motion to dismiss the indictment. After Oliver was indicted, he was arrested by the state on an unrelated charge; and the Government filed a detainer. The state notified the Government that he was available for transfer to federal custody at 5:03 p.m. on a Friday before a long weekend when the district court was closed until Tuesday. On Wednesday, when the U.S. Marshals Service was available, Oliver was arrested on the federal warrant and transported to the district court; and he had his initial appearance before the magistrate judge the same day. Oliver does not contend the time between his arrest by the U.S. Marshals Service and his appearance before the magistrate judge exceeded six hours, but he argues that his arrest

3

occurred on the previous Friday, when he remained in state custody only to answer to federal charges. *Cf. United States v. Woolfolk*, 399 F.3d 590, 596 (4th Cir. 2005). Even if we accept this argument, he has not alleged any prejudice resulting from the delay. We therefore conclude that the district court correctly denied his motion for dismissal.

In his second issue, Oliver contends his guilty plea was not knowing and voluntary, because he was not advised that he could be held responsible for drug quantities beyond those alleged in the indictment. "[T]o be constitutionally valid, a plea of guilty must be knowingly and voluntarily made." *United States v. Paylor*, 88 F.4th 553, 560 (4th Cir. 2023) (internal quotation marks omitted). Rule 11 of the Federal Rules of Criminal Procedure "outlines the requirements for a district court plea colloquy, designed to ensure that a defendant 'understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant.'" *United States v. Kemp*, 88 F.4th 539, 545 (4th Cir. 2023) (quoting *United States v. Vonn*, 535 U.S. 55, 62 (2002)). "The district court must also 'determine that the plea is voluntary and that there is a factual basis for the plea.'" *United States v. Taylor-Saunders*, 88 F.4th 516, 522 (4th Cir. 2023). "'[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established.'" *Id*. "Accordingly, a properly conducted Rule 11 colloquy raises 'a strong presumption that the plea is final and binding.'" *Id*. We review the district court's acceptance of the guilty plea under the harmless error standard. *Id*.

We have reviewed the record and conclude that Oliver's guilty plea was knowing and voluntary. Oliver does not allege any Rule 11 violation, and the record establishes that the district court fully complied with its requirements when accepting his guilty plea. It

4

further establishes Oliver understood he could be sentenced up to the statutory maximum; there was no agreement as to his sentence or the drug weight attributable to him; that the sentence imposed by the district court may be different than any estimate he received before pleading guilty; and any such difference would not be a basis to withdraw his plea. Oliver's guilty plea was a "'voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

5